**Lucille LOCKWOOD, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3008.

United States Court of Appeals, Federal Circuit.

May 13, 2002.

Before SCHALL, BRYSON, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Lucille Lockwood appeals from a decision of the Merit Systems Protection Board ("MSPB" or "the Board"), No. SF–0831–01–0171–I–1 (Sept. 4, 2001), which dismissed her appeal as untimely filed. The MSPB held that Ms. Lockwood failed to file her petition within thirty days of the effective date of the decision being appealed, as required under 5 C.F.R. § 1201.22(b)(1) (2001), and also failed to establish good cause for her untimely filing. The MSPB therefore dismissed her petition. Because the MSPB's decision was in accordance with the law and not unsupported by substantial evidence, *see* 5 U.S.C. § 7703(c), we *affirm.*

## DISCUSSION

On appeal, Ms. Lockwood claims that she did, in fact, file her petition with the MSPB within the requisite time from when she learned of the Office of Personnel Management's ("OPM") decision. Ms. Lockwood claims that the MSPB's dismissal was thus improper.

We may reverse a decision of the Board only if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c) (2000). Petitions for appeal must be filed with the MSPB within thirty days of the

effective date of the action being appealed, or thirty days after the date of receipt of the agency's decision, whichever is later. *See* 5 C.F.R. § 1201.22(b)(1) (2001). A petition filed after this time limit expires will be dismissed unless the petitioner shows good reason for the delay. *See* 5 C.F.R. § 1201.22(c) (2001).

Ms. Lockwood had applied to OPM for survivor benefits under the Civil Service Retirement System as the former spouse of the late Arthur Lockwood. OPM found that Ms. Lockwood and her husband divorced in March 1993, and she was not otherwise entitled to death benefits as a common law spouse. On October 7, 1999, Ms. Lockwood filed a request for reconsideration of OPM's initial decision. OPM denied reconsideration on March 15, 2000, and notified Ms. Lockwood that she had thirty days to file an appeal with the MSPB. On November 9, 2000, Ms. Lockwood resubmitted her request for benefits to OPM. OPM replied and informed Ms. Lockwood that its March 15, 2000 decision was final, subject only to review by the MSPB.

On January 11, 2001, Ms. Lockwood filed a petition for appeal of OPM's reconsideration decision. The administrative judge issued an order to show cause why the appeal was not untimely. In response, Ms. Lockwood submitted a photocopy of a letter dated April 13, 2000, addressed to OPM and disputing OPM's findings in the March 15, 2000 reconsideration. Ms. Lockwood also submitted an unsworn statement from an acquaintance, stating that she had drafted an appeal for Ms. Lockwood, but before she arrived home on April 13, 2000, to give Ms. Lockwood the letter, Ms. Lockwood had drafted her own version and left for the post office. The statement does not indicate that the acquaintance was present when Ms. Lockwood mailed the appeal letter.

The administrative judge found that evidence was insufficient to prove that Ms. Lockwood mailed the letter within thirty days of the March 15, 2000 reconsideration decision. The administrative judge then issued another order noting that an appeal erroneously mailed to OPM rather than the MSPB could be accepted for processing if there was a reasonable justification for confusion on the petitioner's part and no prejudice to the agency. The administrative judge ordered Ms. Lockwood to submit further proof of mailing in the form of a post office receipt, a sworn statement, or both, and further ordered OPM to verify whether it had any record of Ms. Lockwood's April 13, 2000 letter. Ms. Lockwood did not respond to the order, and OPM indicated that the first piece of correspondence it received from Ms. Lockwood following its March 15, 2000 decision was Ms. Lockwood's November 9, 2000 resubmission. The administrative judge found that Ms. Lockwood failed to meet her burden to prove that she timely filed her appeal or that good cause existed for the delay.

Ms. Lockwood now appeals the dismissal of her petition to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (1994).

We agree that the MSPB properly dismissed the petition because Ms. Lockwood did not file it within the required time period and then failed to show good reason for her lack of timeliness. The administrative judge's orders to show cause gave Ms. Lockwood the chance to present her arguments on why her April 13, 2000 letter should be considered timely or why the lack of timeliness should be excused for good reason, but she failed to avail herself of the opportunity. Specifically, when asked to furnish evidence of the timely mailing of her letter of April 13, 2000, Ms. Lockwood failed to submit any-

thing to substantiate her position.[1] Moreover, she made no effort to explain why her appeal should be considered timely despite her failure to take any action in her appeal until January 11, 2001, over nine months after OPM's decision had been rendered. We have carefully considered the argument presented but find nothing in the record to indicate that the MSPB decision was in any way arbitrary, capricious, an abuse of discretion, unlawful, or unsupported by substantial evidence.

We therefore affirm the decision of the MSPB.

---

1. On April 12, 2002, Ms. Lockwood submitted a copy of a purported U.S. Postal Service receipt and an affidavit to this court attesting that she "mailed all the forms in a timely manner on April 14, 2000." As a court of review, we cannot consider evidence submitted in the first instance. Regardless, the affidavit and purported receipt do not overcome the evidentiary shortcomings in this case.